IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TYREE BASS** : |
|                   **Petitioner,** : |
| : |
|       v. :    **CIVIL ACTION NO. 16-5026** |
| : |
| **MICHAEL CLARK, et al.,** : |
|                   **Respondents.** : |

## ORDER

**AND NOW**, this 11th day of December 2018, upon careful and independent consideration of the Petition for Writ of Habeas Corpus, and all related filings, and upon review of the Report and Recommendation ("R&R") of United States Magistrate Judge Timothy R. Rice, and Petitioner's objections, it is hereby **ORDERED** that:

    1.    Petitioner's Motion to Supplement Objections [Doc. No. 28] is **GRANTED**.[1]

    2.    The Objections are **OVERRULED** and the R&R [Doc. No. 22] is **APPROVED** and **ADOPTED**[2];

---

[1] Although the Court grants the Motion to Supplement Objections, the Court will not consider issues not raised in the Petition. *See Codner v. Warden–Pike Cty.*, Civil Action No. 15-5176, 2016 WL 5721199, at *6 (E.D. Pa. Oct. 3, 2016) ("This Court joins the other courts within this district that have declined to address claims raised for the first time in objections on the basis that it is too late to raise them now for the first time.") (collecting cases); *Fowler v. Mooney*, Civil Action No. 14–1768, 2015 WL 6955434, at *2 (E.D. Pa. Nov. 9, 2015) ("The Court concludes that the interest of justice does not require consideration of the new claims because all such claims could have been presented to the magistrate judge by *pro se* petitioner, and he failed to do so. Thus, the objections purporting to raise new claims not presented to the magistrate judge are overruled.").

[2] The Court agrees with the conclusions of the thorough R&R. Briefly, it was not unreasonable for the state courts to conclude that there was sufficient evidence at trial to establish that Petitioner shot and killed Emine Hadredinaj, who was pregnant, and wounded Kevin Cook, because of a dispute with Cook's sister. Although various witnesses gave conflicting statements before trial, the credibility of the witnesses (including Cook, who identified Petitioner as the shooter) was for the jury to determine. There was also evidence in connection with the arson-related charges that Petitioner had brought a gas can and Molotov cocktails with him to Cook's house. Trial counsel was not ineffective for failing to object to the trial court's limiting of certain lines of inquiry as the record shows that trial court directed both the prosecution and defense to keep questioning to relevant matters and refrain from referring to excluded evidence. The R&R also correctly rejected Petitioner's claims that the trial counsel was ineffective for failing to object to the jury instructions as the claims are unsupported by the record. Nor has Petitioner shown that a witness, Jillian Sanders, was intimidated by the police before testifying; Sanders answered every question asked of her at trial and the only inconsistency in her testimony was the date that Cassandra Cook broke Petitioner's windows. Petitioner also claims that trial counsel should have interviewed Sanders about

3. The Petition for Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE** and without an evidentiary hearing;

4. There is no probable cause to issue a certificate of appealability[3]; and

5. The Clerk of Court is directed to **CLOSE** the case.

It is so **ORDERED**.

**BY THE COURT:**

/s/ Cynthia M. Rufe
_____
**CYNTHIA M. RUFE, J.**

---

Petitioner's alibi sooner than he did. However, the record shows that, at trial, Petitioner requested that his investigator testify that Petitioner had raised an alibi defense around the time of his arrest. This was meant to counter the prosecution's argument that Sanders concocted Petitioner's alibi just before testifying. Trial counsel expressed concern over this tactic because the testimony would concede that the investigator was unable to corroborate Petitioner's alibi, even during earlier conversations with Sanders. Thus, the record shows that (1) Sanders was previously interviewed and (2) that she was not able to corroborate Petitioner's alibi claim at that time, which would have been damaging to Petitioner's case. Petitioner agreed with counsel's strategy at the time. As set forth in the R&R, Petitioner has not shown constitutional error regarding any other witnesses.

With regard to issues raised by Petitioner for the first time in his objections to the R&R (including that trial counsel was ineffective for failing to object to request a "lesser-included offense" instruction on the arson charge, failing to submit police statements of two witnesses into evidence, failing to file a motion to suppress evidence obtained from the search of Petitioner's cell phone pursuant to a warrant, failing to object to evidence linking a cell phone number to Petitioner, allowing a witness to invoke her Fifth Amendment right not to testify, and failing to call character witnesses), the Court is not required to consider issues not raised in the Petition itself and Petitioner has not shown that these claims have been exhausted or that the failure to exhaust may be excused.

[3] There is no basis for concluding that "reasonable jurists could debate whether…the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation omitted).